Nicholson, C. J.,
delivered the opinion pf the Court.
In February, 1873, Crutchfield sold to Stambaugh certain real estate in Chattanooga, Stambaugh agreeing by parol to pay the corporation taxes for .1873. The corporation authorities, however, afterwards assessed the property for taxation against Crutchfield. He filed his bill against the Mayor, and Aldermen and Stambaugh, and obtained an injunction against the collection of the taxes by the corporation. The bill was demurred to by the corporation, upon the ground that Crutchfield was the owner of the property on the 10th of January, 1873, and therefore the assessment was properly made against him. The demurrer was sustained and Crutchfield appealed toAhis Court.
There was no error in this. When the taxes were assessed by the corporation, the law then in force fixed the 10th of January of each year -as the time at which the ownership of property should be looked to in assessing taxes, the act of 1871 designating the 10th of April as the time, having been repealed by the act *834 of March, 1873. The fact that Crutchfield conveyed the property to Stambaugh in February, 1873,. might make him responsible for the taxes of 1873, under the act of 1871, as between them, but this could not affect or interfere with the enforcement by the corporation of the law in force when the assessment was made. Nor - could any contract between Crutchfield and Stambaugh, as to the payment of the taxes, stand in the way of the law in force when the assessment was made.
The demurrer was therefore properly sustained and the decree must be affirmed with costs.